**Opinion filed August 9, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00065-CV

_____

## IN THE INTEREST OF K.A.P. AND D.M.P., CHILDREN

---

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C47239**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of K.A.P. and D.M.P. The mother filed a notice of appeal. We dismiss the appeal.

The mother's court-appointed counsel has filed a motion to withdraw and a supporting brief in which she professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a

professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In light of a recent holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28.

Appellant's counsel provided Appellant with a copy of the brief, the motion to withdraw, and an explanatory letter. Counsel also informed Appellant of her rights to review the record and file a pro se response to counsel's brief. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), counsel provided Appellant with a copy of the appellate record. We conclude that Appellant's counsel has satisfied her duties under *Anders*, *Schulman*, and *Kelly*.

We note that Appellant filed a pro se response to counsel's *Anders* brief. In her response, Appellant expresses her love for the children, her desire to be reunited with them, and an explanation for her actions. While we do not doubt the sincerity of Appellant's pro se response, we are unable to consider the factual assertions in her response because appellate courts cannot consider evidence that appears in an appellate brief but was not presented to the trial court. *See Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this cause, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409.

However, in light of *P.M.*, we deny the motion to withdraw that was filed by Appellant's court-appointed counsel. *See P.M.*, 520 S.W.3d at 27.

Counsel's motion to withdraw is denied, and the appeal is dismissed.

PER CURIAM

August 9, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.